**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **D.D.W.,** | : | |
| | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 4:26-cv-340-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION CENTER,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |

## RECOMMENDATION OF DISMISSAL

Pending before the Court is Petitioner's application for habeas corpus relief (Doc. 1), two miscellaneous motions filed by Petitioner (Docs. 9, 11), and Respondent's motion to dismiss (Doc. 15), which was filed in response to the Court's order directing Respondent to provide an update on Petitioner's status. (Doc. 14). Respondent has provided notice that Petitioner was removed from the United States in July 2026. (Doc. 15-1, p. 2). Due to Petitioner's removal, Respondent moved to dismiss the habeas petition as moot. (Doc. 15). It is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 15) be **GRANTED**, that Petitioner's emergency motion for temporary restraining order (Doc. 9) and motion for immediate release (Doc. 11) be **DENIED as moot**, and that Petitioner's application for habeas corpus relief (Doc. 1) be **DISMISSED as moot**.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. CONST. art. III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized

as an active case or controversy." *Id.* (quotations and citation omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotations and citations omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Petitioner has been removed from the United States and is no longer in respondent's custody. Because the Court can no longer give Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citations omitted). Petitioner's removal likewise makes his other miscellaneous motions moot.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 15) be **GRANTED**, that Petitioner's emergency motion for temporary restraining order (Doc. 9) and motion for immediate release (Doc. 11) be **DENIED as moot**, and that Petitioner's application for habeas corpus relief (Doc. 1) be **DISMISSED as moot**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo

determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge